UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ARTHUR WEAVER,<br><br>                    Petitioner,<br><br>          v.<br><br>KEN CLARK, Warden,<br><br>                    Respondent. | Civil No.   10-cv-655 LAB (POR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING WITHOUT PREJUDICE**<br><br>**[Document No. 13]** |

On August 13, 2010, Petitioner filed a Motion for Evidentiary Hearing. (Doc. 13.) Petitioner requests a hearing to question witnesses in two separate cases for which he was charged with sexual abuse: (1) the Thurman case; and (2) the Eyler case. As relates to both cases, Petitioner contends he has not failed to develop the factual basis of his claims because he has made reasonable attempts to obtain witness affidavits and other evidence to support his ineffective assistance of counsel claim. (Id. at 3.) As relates to the Thurman case, Petitioner contends he alleges facts which, if proven, will entitle him to habeas relief. (Id. at 4.) Specifically, Petitioner alleges facts that (1) demonstrate he is innocent of the crime charged in Count 7,[1] and (2) that his trial counsel

---

[1] Petitioner claims his Petition sets forth new evidence demonstrating he is innocent of the crime charged in Count 7, of sexually abusing Natalie T. the day he helped her family load a moving van for their move to Virginia, an act she originally alleged to have occurred on a couch in the den when he was on a break from work. (Doc. 13 at 4.) Petitioner asserts his Petition "(1) describes the circumstances surrounding those breaks; (2) points out that the couch Natalie claims to have been molested on had been sold and removed from the house eight days prior to that event; and (3) clearly establishes that the sexual act could not have occurred as alleged without there being numerous witnesses to the act." (Id.) Petitioner contends once the prosecution learned Petitioner could prove this allegation to be false, Natalie changed her story. Petitioner asserts this evidence raises sufficient doubt about the veracity of Natalie's remaining claims and undermines the result of the trial. (Id.)

failed to conduct a meaningful investigation into the allegations set forth in Count 7.  As relates to the Eyler case, Petitioner contends newly presented evidence demonstrates he is innocent of the charge of sexual abuse against Alyssa R.  (Id. at 7-8.)  Further, Petitioner contends an evidentiary hearing will reveal trial counsel was ineffective because his "decision to withhold operative facts was based on a whim rather than on a deliberate and conscientious investigation."  (Id. at 9.)

On October 8, 2010, Respondent filed an Opposition.  (Doc. 17.)  At the outset, Respondent contends consideration of an evidentiary hearing is premature because Petitioner's Petition is mixed, in that Ground 9 is unexhausted.  (Doc. 17 at 2.)  Second, Respondent contends the state courts reasonably and properly rejected Petitioner's arguments based upon the state-court record and the lack of evidentiary support for Petitioner's contentions.[2]  (Id. at 6.)  Third, Respondent contends Petitioner failed to provide the necessary evidence in state court that could have resulted in a state-court hearing, thereby precluding a federal hearing.  (Id. at 17.)

On October 27, 2010, Petitioner filed a Reply.  (Doc. 19.)  First, contrary to Respondent's contention, Petitioner asserts Ground 9 of his Petition is exhausted.  (Doc. 19 at 2.)  Second, Petitioner contends an evidentiary hearing is necessary because his claim "challenges the credibility of the complaining witnesses' testimony based on evidence the jury never heard as a direct result of trial counsel's failure to adequately investigate the facts of this case."  (Id. at 3.)  Third, Petitioner contends that without an evidentiary hearing, the state court record is "too incomplete to permit a reasonable evaluation of the petition's factual allegations."  (Id. at 4.)

//
//
//
//
//
//
//

---

[2] Respondent contends Petitioner hinges his argument on unsupported and uncorroborated allegations that other people would have necessarily seen him molest Natalie on the day in question, which is in stark contrast to the evidence indicating Petitioner molested two separate girls multiple times over the course of multiple months.  (Doc. 17 at 4.)

|   |   |
|---|---|
| 1 | On March 25, 2010, Petitioner filed his Petition for Writ of Habeas Corpus. (Doc. 1) On |
| 2 | May 27, 2010, Respondent filed a response to the Petition. (Doc. 8.) On August 4, 2010, Petitioner |
| 3 | filed a Traverse. (Doc. 12.) The Court is currently reviewing the merits of the Petition. Once the |
| 4 | merits of the Petition are fully addressed, a determination will be made whether an evidentiary |
| 5 | hearing is necessary. Based thereon, the Court hereby **DENIES** Petitioner's Motion for an |
| 6 | Evidentiary Hearing without prejudice as premature. |

**IT IS SO ORDERED.**

DATED: November 22, 2010

LOUISA S PORTER
United States Magistrate Judge

cc:	The Honorable Larry A. Burns
	all parties