1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

RONALD ARTHUR WEAVER,

                                    Petitioner

        vs.

KEN CLARK,

                                    Respondent.

CASE NO. 10-CV-655 LAB (POR)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

## I.    Introduction

Weaver was convicted by a San Diego jury of six counts of committing lewd and lascivious acts on two different girls.  He was sentenced to five consecutive terms of fifteen years to life.  On March 25, 2010, Weaver filed a habeas petition challenging his conviction, which was referred to Magistrate Judge Porter for a report and recommendation.  Judge Porter issued a thorough and well-reasoned R&R on May 12, 2011 recommending that Weaver's petition be denied in its entirety.  This Order **ADOPTS** that recommendation.

## II.    Legal Standard

This Court has jurisdiction to review the R&R pursuant to Rule 72 of the Federal Rules of Civil Procedure.  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).    The district judge "must

review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because Weaver is a prisoner and is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**III.    Discussion**

Weaver's petition asserts ten grounds for habeas relief, each of which Judge Porter's R&R considers in substantial depth and finds inadequate. The Court will address them in the same sequence as the R&R.

**A.    Ineffective Assistance of Appellate Counsel**

Two of Weaver's grounds for relief—Grounds 8 and 9—allege that his appellate counsel was ineffective. Ground 8 alleges that appellate counsel was ineffective for abandoning two Fourth Amendment issues on direct appeal. Ground 9 alleges that appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel claims.

**1.    Ground 8**

At trial, child pornography found on Weaver's computer was admitted into evidence over his objection that the search warrant that led to the discovery of the evidence was defective. According to Weaver, his argument was composed of five separate claims, each of which was presented at trial (and overruled), and each of which was also briefed on direct appeal before the Court of Appeal. (Pet. at 87.) The Court of Appeal's actual decision, however, only referenced three of those claims, leading Weaver to believe two of the claims—(1) that the warrant was overbroad, and (2) that it was facially defective—were overlooked by the Court of Appeal, and that he never received a hearing on them. (Pet. at 87.) Weaver urged his appellate counsel, Greg Kane, to file a petition for rehearing asking

1   the Court of Appeal to specifically address the claims that it ostensibly overlooked, and Kane

2   instead filed a petition for review in the California Supreme Court.  Weaver argues this

3   amounted to the ineffective assistance of appellate counsel, because the effect was to deny

4   him a full and fair hearing on his overbreadth and facial defectiveness challenges to the

5   warrant.  (*See* Pet. 87–88.)

6                                                *a.      Background*

7           The Court notes, preliminarily, that the record does not entirely support Weaver's

8   account of how his challenges to the warrant were presented at trial and on appeal.  It is true

9   that at trial, on April 27, 2005, Weaver's counsel offered three arguments in support of

10  quashing the search warrant:

11              Mr. Stathis: The first prong has to deal with the fact that the
                warrant is sought based on this entirely hearsay statement by an
12              uncorroborated, anonymous informant, which I've identified as
                Pat and which has been identified as Pat.
13
                The second aspect is the description of what was seen by Pat.
14              To basically indicate that Pat saw a photo of a five- or six-year-
                old child posed in a suggestive manner.  And I'll address that
15              issue secondly.

16              And then the third issue has to deal with the misstatement of the
                officer, with respect to what Pat specifically told him and what in
17              the affidavit that he put as far as what Pat specifically told him.

18  (Lodgment 26, Doc. 1/16 at 45.)  It is also true that the following day, counsel offered

19  additional argument:

20              Court: Yesterday we concluded the afternoon having heard
                arguments related to the motion to quash . . . . This time before
21              the court is to allow the court to render its ruling.  Before I do
                that, are there any other matters you want to put on the record?
22
                Mr. Strathis: There was one additional matter.  And that was
23              addressing the good faith exception that was raised yesterday
                by the prosecution, as well as presenting to the court, basically,
24              an oral argument, with respect to the overbreadth of the warrant.

25  (Lodgment 26, Doc. 2/16 at 92.)  In light of these arguments, Weaver's habeas petition

26  suggests that the trial court was presented, in total, with five legally distinct challenges to the

27  search warrant:

28              (1) the Magistrate lacked probable cause to issue the warrant as
                it was based entirely on the uncorroborated hearsay of an

1
2
3
4
5
6

anonymous informant; (2) the anonymous informant's statement was too conclusory and lacked sufficient detail to support a finding of probable cause; (3) DA Investigator Dana Gassaway, the affiant and executing officer of the search warrant, misrepresented the facts stated by the anonymous informant in a manner intended to mislead the magistrate . . . (4) the warrant was patently overbroad, authorizing a search and seizure much broader than that justified by the anonymous tip; and (5) the warrant was facially defective, in that it authorized an exploratory search for evidence of any felony in violation of the 4th Amendment's prohibition against general warrants.

7   (Pet. at 87.)   It's possible, however, that the trial court, the Court of Appeal, and Kane

8   considered the argument on April 28, 2005 to be supplemental to the argument on the

9   previous day, rather than two fresh challenges to the search warrant.

10         Weaver also asserts that "on direct appeal my appointed appellate attorney, Greg

11   Kane, briefed all five of the 4th Amendment claims under a single heading.  This included

12   the overbreadth and facial defectiveness of the search warrant."  (Pet. at 87.)   Actually,

13   Kane's appellate brief identified  *three*  grounds on which Weaver attacked the warrant,

14   including overbreadth but not facial defectiveness:

15
16
17

First, the warrant was overly broad on its face, authorizing search of areas far beyond those mentioned in the anonymous tip on which it was based and not justified by anything in the affidavit in support of the warrant.

18
19
20

Second, "Pat" was only an anonymous informant, not a known citizen informant, and his tip was insufficiently corroborated and thus not shown reliable.  Specifically, the very few corroborative details "Pat" gave were at best peripheral to the alleged offense and might easily have been gleaned from news reports.

21
22
23

Third, the warrant affidavit, in describing the two photos as "suggestive," a word "Pat" had never used, falsified the tip and was too nonspecific and conclusory to permit the independent assessment of probable cause the magistrate had to make, which necessarily included determining whether the photos were actually pornographic.

24         The Court denied the motion . . . .

25   (Lodgment 27 at 49–50.)

26         This Court finds it somewhat unfair of Weaver to accuse the Court of Appeal of "failing

27   to acknowledge [the] existence" of his overbreadth and facial defectiveness claims.  It's true

28   that the Court of Appeal didn't identify them explicitly in framing Weaver's challenges to the

- 4 -

1   search warrant:

2       > Weaver brought a motion to quash the search warrant and
        > suppress the child pornography images found on his home
3       > computer, claiming that (1) the warrant lacked probable cause
        > as it was based on uncorroborated hearsay statements by an
4       > anonymous informant named Pat, later identified as Pat Diven;
        > (2) the warrant failed to estsablish probable cause as it was
5       > based on Diven's conclusory statement that the two photographs
        > he saw on Weaver's computer depicted a young girl posing "in
6       > a suggestive manner"; and (3) the officer who prepared the
        > affidavit in support of the warrant misrepresented Diven's
7       > recorded and transcribed statement, and misled the magistrate,
        > by falsely asserting that Diven had said the child in the second
8       > photograph had "her legs spread apart and her genitals were
        > exposed in a suggestive manner."

9   (Lodgment 30 at 28–29.)  At the same time, the Court of Appeal opened its discussion with

10  a recitation of the legal principles applicable to search warrants, including the principle that

11  a warrant must be supported by probable cause "and particularly describ[e] the property,

12  thing, or things and the place to be searched."  (Lodgment 30 at 29.)  It cited *Illinois v. Gates*

13  for the proposition that a magistrate judge issuing a search warrant must decide "there is a

14  fair probability that contraband or evidence of a crime will be found in a particular place."

15  (Lodgment 30 at 29.)  Thus, even if the Court of Appeal didn't address each of Weaver's

16  challenges to the search warrant head-on, at least as Weaver construes those challenges,

17  it was at least attuned to the principles that informed them.

18              *b.     Discussion*

19          In his objection to the R&R, Weaver insists that the Court of Appeal didn't reach his

20  overbreadth and facial defectiveness claims, and that he was therefore denied a full and fair

21  hearing on a critical defense to the charges against him.  (Obj. at 18.)  That isn't the

22  question, though.  The actual claim before the Court is that Weaver's appellate counsel was

23  ineffective for failing to file a petition for rehearing with the Court of Appeal to confirm that

24  it gave consideration, or to force it to give consideration, to all of Weaver's challenges to the

25  search warrant.  That being the claim, the question before the Court is whether the Court of

26  Appeal's rejection of the claim was contrary to, or an unreasonable application of, clearly

27  established federal law, *or* whether its rejection of the claim was based on an unreasonable

28  determination of the facts.  28 U.S.C. § 2254(d).

1    Ineffective assistance of counsel claims are analyzed under the *Strickland v.*
2 *Washington* standard.  *See* 466 U.S. 668 (1984).  Weaver must show that Kane's failure to
3 file a petition for review with the Court of Appeal was objectively unreasonable *and* that, but
4 for this failure, there is a reasonable probability that Weaver would have prevailed on appeal.
5 *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

6    As to the first prong of the analysis, the Court of Appeal on habeas review implied that
7 a petition for review would have been fruitless, asserting that it "did address the contention
8 that the trial court erred in denying a motion to quash the search warrant for petitioner's
9 home and to suppress the images of nude female children found on his computer."
10 (Lodgment 37 at 1.)  This holding, obviously, does not confirm that the Court of Appeal
11 considered in particular Weaver's overbreadth and facial defectiveness challenges to the
12 warrant, but it doesn't suggest that the Court of Appeal skipped over the challenges, either.
13 As to the second prong of the analysis, the Court of Appeal found that Weaver "has not
14 demonstrated there is a reasonable probability we would have granted rehearing or that
15 petitioner would have prevailed on his appeal."  (Lodgment 37 at 2.)

16    Neither conclusion was contrary to clearly established federal law or an unreasonable
17 application of the facts of Weaver's case.  The premise of Weaver's ineffectiveness claim
18 is that his attorney had an obligation to raise, and make certain the Court of Appeal
19 considered, every single challenge to the search warrant.  That is not true.  Appellate
20 counsel may decide not to raise an argument that they foresee has little chance of
21 succeeding.  Indeed, "the weeding out of weaker issues is widely recognized as one of the
22 hallmarks of effective appellate advocacy."  *Miller*, 882 F.2d at 1434.  Kane had no
23 constitutional obligation, then, to "raise every nonfrivolous issue" requested by Weaver.  *Id.*
24 at 1434 n. 10.  But even if Weaver could show that Kane should have done something he
25 failed to do, he would also have to show a reasonable probability of prevailing on appeal.
26 Weaver would have to show, that is, a reasonable probability not only that the Court of
27 Appeal would have granted a petition for rehearing, but that it would have accepted
28 Weaver's overbreadth and facial defectiveness challenges to the search warrant and

1 reversed the trial court with a finding that the search warrant should have been quashed and

2 the items seized should have been suppressed.[1]  The Court of Appeal's finding that Weaver

3 hadn't made such a showing was not contrary to clearly established federal law or an

4 unreasonable application of the facts.  The most Weaver can credibly argue is that he would

5 have handled his appeal differently than his attorney did, on the hope that the Court of

6 Appeal would have ruled in his favor on the search warrant.  That argument is woefully

7 insufficient to support an ineffectiveness claim under *Strickland*, and the Court of Appeal's

8 rejection of it was sensible.  Weaver's objection to the R&R is therefore **OVERRULED** and

9 his Eighth Ground for relief is **DENIED**.

10                    **2.      Ground 9**

11        Weaver's second grievance against his appellate counsel is that he failed to raise, on

12 direct appeal, ineffective assistance of trial counsel claims.  Judge Porter had to review the

13 record independently to evaluate this claim in her R&R because Weaver did not raise in his

14 state habeas petitions.  (*See* Lodgments 34, 36, 38.)

15        Weaver did, however, raise the underlying ineffective assistance of counsel claims

16 in his state petition, and they were denied on procedural grounds.  (*See* Lodgments 35, 37,

17 39.) Judge Porter endorses this denial in her R&R, and recommends anyway that the claims

18 be denied on their merits.  Weaver makes two counter-arguments in his objection to the

19 R&R.

20        First, Weaver explains that "Ground 9 was raised for the purpose of establishing

21 _____

22        [1] Alternatively, Weaver could try to show a reasonable probability that the Court of
Appeal would have denied a petition for rehearing, or granted one and explicitly overruled
each of his objections to the search warrant, and *then* that the California Supreme Court

23 would have granted rather than denied the petition for review and ruled in Weaver's favor
on the search warrant question. (*See* Lodgment 32.)  That is obviously a huge hypothetical,

24 and the Court finds no flaw in the Court of Appeal's conclusion that Weaver failed to
demonstrate a reasonable probability that he would prevail on appeal.

25        This is the hole in Weaver's argument that Kane's inclusion of the overbreadth and
facial defectiveness claims in the petition for review with the California Supreme Court was

26 meaningless because the Supreme Court, under Cal. Rule of Court 8.500(c), doesn't
consider issues presented to and considered by the Court of Appeal. (Obj. at 19.)  Even if

27 that's true, Weaver would still have to show a reasonable probability that the California
Supreme Court would have granted his petition for review and would have ruled that the

28 search warrant should have been quashed and the evidence seized should have been
suppressed.

'cause and prejudice' for the alleged untimely filing of the claims raised in Grounds 1–7." (Obj. at 29-30.) That is unnecessary. Weaver is free to argue that his ineffectiveness claims are not procedurally defaulted, and to explain why he was late in asserting them, without bringing a separate habeas claim alleging the ineffective assistance of his appellate counsel.

Second, Weaver argues that "[w]hether Ground 9 has merit depends entirely on whether the claims raised in Grounds 1–7 could have been successful if raised on direct appeal, either as IAC claims or as independent claims." This is not exactly right. *Strickland* is again the governing standard, and Weaver must show that it was objectively unreasonable of Kane not to raise the ineffectiveness claims *and* that there is a reasonable probability he would have prevailed on the claims on appeal. *Miller*, 882 F.2d at 1434. Weaver has to make that showing against the presumption that appellate counsel may reasonably decide to only pursue certain claims on appeal, and against the presumption that he has no Sixth Amendment right to an attorney who shares his view of appellate advocacy and strategy. *See United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998).

The Court finds that Weaver has not made this showing. Weaver's objection to the R&R is therefore **OVERRULED** and his Ninth Ground for relief is **DENIED**.

## B.   Ineffective Assistance of Trial Counsel

The first seven of Weaver's grounds for relief allege that his trial counsel was ineffective. These claims were presented in Weaver's state habeas petition and denied on timeliness grounds:

> Here, petitioner was convicted over three years ago. Further petitioner's allegations against trial counsel include allegations that trial counsel did not follow up on investigatory leads petitioner provided. Thus, petitioner knew of this claim against trial counsel prior to his conviction, yet has waited three and one half years to seek redress of the claimed ineffective assistance. Petitioner presents a letter from Greg M. Kane dated February 9, 2006. That letter tells petitioner that he has to pursue his claims of Ineffective Assistance of Counsel ("IAC") in state court. The letter suggests that Attorney Kane provided petitioner with a manual and forms for habeas petitions based on a claim of IAC. Petitioner has not explained his delay in filing this petition. Thus, the petition as to the ineffective assistance of counsel is denied. (Lodgment 35 (Superior Court).)

1
2
3
4

> Petitioner knew of trial counsel's ineffectiveness at the latest when he was convicted on June 1, 2005. His contentions regarding trial counsel are therefore untimely. Petitioner's argument that he is untrained and inexperienced in the law, and had to file a large petition in the trial court, does not demonstrate good cause for the delay or an exception to the procedural bar. (Lodgment 37 (Court of Appeal).)

5   The failure to satisfy California's timeliness requirement for habeas petitions—"as promptly

6   as the circumstances may allow"—may bar habeas relief in federal court. *Walker v. Martin*,

7   131 S.Ct. 1120, 1125 (2011). In Weaver's case, he waited  3 years and 6 months after he

8   was convicted to file a state habeas petition, an amount of time he concedes "constitutes a

9   period of substantial delay." (Dkt. No. 12-1 at 3.) It falls on him, then, to show cause for his

10  delay, or to show that an exception to the untimeliness bar applies. *Id.* Good cause may

11  be established if a petitioner was conducting an ongoing investigation into at least one

12  potentially meritorious claim. *In re Robbins*, 18 Cal.4th 770 (1998). One exception arises

13  when the "exorbitant application of a generally sound rule renders the state ground

14  inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376

15  (2002). State procedural requirements must also "not operate to discriminate against claims

16  of federal rights." *Walker*, 131 S.Ct. at 1130.

17      Weaver argues in his objection that he was delayed in bringing his ineffectiveness

18  claims because he was making an "effort to collect witness affidavits and other evidence in

19  support of the claim in Ground 1." (Obj. at 2.) He directs the Court to three pages of his

20  original state habeas petition where he details those efforts. The Superior Court and Court

21  of Appeal, however, presumably considered Weaver's explanation and found it wanting.

22  There is no indication that they did so by applying California's timeliness rule for habeas

23  petitions in an "exorbitant" manner, as Weaver alleges, just because they did not specifically

24  address his investigative efforts. To the extent Weaver blames his appellate counsel Greg

25  Kane for his procedural default, the Court has already found that Weaver has no claim for

26  ineffective assistance of appellate counsel. Indeed, on Weaver's own account of his

27  ineffectiveness claims, Kane told him in February 2006 that he would not pursue

28  ineffectiveness claims. (Lodgment 34 at 27.) Kane's letter to this effect even provided an

1  explanation of how Weaver could pursue those claims on his own.[2]  (Lodgment 34, Ex. E.)

2      The Court therefore finds that Weaver's ineffectiveness claims are procedurally

3  barred, and that federal habeas relief is therefore unavailable.  *Coleman v. Thompson*, 501

4  U.S. 722, 729-30 (1991).  Weaver's objection to the R&R is **OVERRULED** and his First

5  through Sevenths Grounds for relief are **DENIED**.

6      **C.    Fourteenth Amendment Violation**

7      Weaver's final habeas claim is that a particular jury instruction violated his right to be

8  convicted only by proof beyond a reasonable doubt.  Weaver did not raise this claim in either

9  his first or second state habeas petition, although he did raise it—and it was rejected—on

10  direct appeal.  (*See* Lodgment 30 at 40–43.)  The challenged instruction was approved by

11  the California Supreme Court in *People v. Reliford*, 29 Cal.4th 1007 (2003).  The Court

12  endorses fully the R&R's consideration of this issue:

13      Contrary to Petitioner's contention, CALJIC No. 2.50.1—which

14

15  [2] It is worth quoting at length Kane's advice to Weaver with respect to the ineffectiveness claims.  The advice suggests that the claims are wholly without merit.  This

16  was also Judge Porter's finding, and the Court would adopt it over Weaver's objections if it did not find that the claims were procedurally defaulted.  Here is what Kane said to Weaver

17  in a letter dated February 9, 2006:

18      **IAC.**  There is simply no IAC whatsoever.  As stated above, your

19  attorney was as effective  as an attorney could be — using experts rarely seen in cases involving charges like yours.  The judge was one of the fairest [given the horrendous state of the

20  law he is applying] I have ever seen, and he gave you the widest latitude in participating in the pretrial motions.  I have never seen a defendant accorded this privilege before.  He sustained

21  virtually all of your attorney's objections in the pretrial portion of the record, and, as stated, he obtained an acquittal on one count

22  and managed to have another sentenced to run concurrently. Moreover, your participation weakens your claim that it was your

23  counsel's IAC, which is why he put on the record what his tactical decisions were when they differed from yours.  You are

24  highly unlikely to succeed with the claim your attorney afforded you ineffective assistance of counsel, because he was quite

25  effective, and it will be very difficult to demonstrate any prejudice.

26

27      If you want to pursue the IAC claim, that must be done by way of petition for writ of habeas corpus, starting in the state trial

28  court where you were convicted.  **Enclosed is the Prison Law Office manual on state habeas corpus petitions, as well as forms and instructions for the state IAC petition**.

permitted the jury to find defendant committed other crimes or sexual offenses by a preponderance of the evidence—expressly informed the jury that 'before a defendant can be found guilty of any crime charged in this trial, the evidence as a whole must persuade you beyond a reasonable doubt that the defendant is guilty." (Lodgment 24 at 284.)  The judge also correctly instructed the jury on proof beyond a reasonable doubt and the presumption of innocence. *Id.* at 271.  Further, the trial court instructed the jury on the limited purposes for which the jury could consider evidence of possession of child pornography. *Id.* at 283.  Thus, based on the contested instruction itself, as well as the totality of the instructions given to the jury, Petitioner cannot demonstrate CALJIC No. 2.50.1 so infected the entire trial that Petitioner's resulting conviction violated due process.

(R&R at 21.)  The Court has thoroughly reviewed Weaver's objections to the R&R, and he does not appear to contest the Judge Porter's conclusion.  Had he, the Court would still agree with Judge Porter and find that the Court of Appeal's rejection of Weaver's claim was not contrary to clearly established federal law, nor was it an unreasonable determination based on the facts presented.  Weaver's Tenth Ground for relief is therefore **DENIED**.

## IV.    Conclusion

Weaver's habeas petition is **DENIED** in its entirety.  The Court will grant him a certificate of appealability as to Grounds 1–7 for relief—his ineffective assistance of trial counsel claims—but not as to Grounds 8–10.  *See Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (articulating standard for issuance of certificate of appealability).

**IT IS SO ORDERED**.

DATED:  January 9, 2012

_Larry A. Burns_

**HONORABLE LARRY ALAN BURNS**
United States District Judge